UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDNAV INTERNATIONAL LTD., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CONTINENTAL INSURANCE ) <br> COMPANY, ) <br> ) <br> Defendant. ) | No. 06 C 6302 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Fednav International Ltd. ("Fednav" or "Plaintiff"), brought suit against Defendant, Continental Insurance Company ("Continental" or "Defendant"), alleging breach of contract. Before the Court is Continental's Motion to Dismiss.

### BACKGROUND

This case arises from three shipments of steel carried from Ghent, Belgium to Burns Harbor, Indiana. The steel was damaged during transit; and in 2002, Continental Insurance Company, as subrogee of J&F Steel Corporation, brought three suits in the Northern District of Illinois against Fednav and others (the "Continental Actions"). Fednav moved to dismiss each of the Continental Actions under Rule 12(b)(3) of the Federal Rules of Civil Procedure because the bills of lading for each shipment required that any suit "arising out of the goods carried . . . be brought only in the United States District Court having admiralty jurisdiction at the USA port of loading or the USA port of discharge, as the case may be, to the exclusion of any other forum." Fednav argued that because the port of discharge stated on the bills of lading was Burns Harbor, Indiana, the case should have been brought in the Northern

District of Indiana. The court accepted Fednav's position and dismissed the Continental Actions based on the forum-selection clause on February 18, 2003. The Court of Appeals for the Seventh Circuit affirmed the district court's ruling on December 24, 2003.

On November 17, 2006, Fednav filed the instant suit, alleging breach of contract against Continental. Fednav claims that by filing the previous federal suit in Illinois, Continental breached the forum-selection clause in the bills of lading and that Fednav "suffered damages by way of attorneys' fees, costs and expenses, all of which flow directly from the breach."

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (alteration in *Bell Atlantic*). Second, the complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 127 S. Ct. at 1965, 1973 n. 14).

2

## ANALYSIS

Continental raises three grounds for dismissing the suit. First, Continental argues that Fednav's suit is nothing more than an impermissible attempt to collect attorney's fees incurred while defending the Continental Actions. Second, Continental argues that there is no privity of contract between Fednav and Continental; and, thus, Fednav may not sue Continental for breach of contract. Finally, Continental argues, based on the forum-selection clause in the bills of lading, that Fednav should have brought this suit in the Northern District of Indiana and that the case should be dismissed for improper venue.

Continental first argues that the "American Rule," under which litigants bear their own litigation costs regardless of the outcome, bars Fednav's suit. Fednav argues that this case falls outside that rule. Because this is a diversity case, the Court will apply Illinois law. *See Champion Parts, Inc. v. Oppenheimer & Co.*, 878 F.2d 1003, 1006 (7th Cir. 1989) (*Champion*) (applying Illinois law regarding attempted recovery of attorney's fees). Illinois courts apply the American Rule. However, the Illinois Supreme Court has recognized an exception: "where the natural and proximate consequences of a wrongful act have been to involve the plaintiff in litigation with others, there may be a recovery in damages against the author of such act, measured by reasonable expenses incurred in such litigation." *Ritter v. Ritter*, 381 Ill. 549, 554-55 (1943) (*Ritter*). As one Illinois Appellate Court put it: "[c]are must be taken to distinguish between the rule prohibiting the recovery of attorney fees from the losing party by the prevailing party in litigation and the rule allowing the recovery of attorney fees incurred in litigation with third parties necessitated by defendants' wrongful act." *Nalivaika v. Murphy*, 120 Ill. App.3d 773, 776 (Ill. App. 1 Dist. 1983). Continental draws two requirements from Illinois law for

3

maintaining a separate suit seeking attorney's fees: first, the fees must result from some "wrongful" act, which Continental takes to mean a tort; second, the litigation must involve third parties.

Continental first argues that the "wrongful act" that gives rise to a damages claim for attorney's fees must be a tort rather than a breach of contract, such as Fednav has alleged. Continental cites a number of cases in which the alleged wrongful conduct was a tortious act. *See Champion*, 878 F.2d at 1006-07 (when tortfeasor's actions result in litigation with others, the litigation expenses can be recovered in damages); *Avemco Ins. Co., Inc. v. Elliott Aviation Flight Services, Inc.*, 86 F.Supp.2d 824, 826 (C.D. Ill. 2000) (to collect attorney's fees a plaintiff "must show that the attorneys' fees are the natural consequence of the tortious act by the defendant against the plaintiff."). However, in *Ritter* itself, the Illinois Supreme Court did not take such a narrow view of the term. The court stated: "[w]hen a defendant breaches a lease, violates the terms of a contract, misrepresents goods sold, unlawfully retains the personal property of the plaintiff, or remains in possession of real estate after the expiration of his tenancy, necessitating proceedings, his conduct is wrongful. . . ." Thus, while a tortious act certainly constitutes as a wrongful act, *see Champion*, 878 F.2d at 1006-07, it is conceivable that other actions might qualify as well.

The issue need not be decided, however, because the attorney's fees sought here were incurred in litigation between the two parties at bar, not in litigation against a third party as required by Illinois law. The *Ritter* court "established the line to be drawn between those cases which permitted damages when an action was brought against a third party . . . and those cases which clearly held that a party could not recover attorney fees against another party in the

litigation." *Pacemaker Food Stores, Inc. v. Seventh Mont Corp.*, 143 Ill. App.3d 781, 788 (Ill. App. 2 Dist. 1986). *See also Nalivaika v. Murphy*, 120 Ill. App.3d 773, 776 (Ill. App. 1 Dist. 1983) ("Where the attorney fees sought by the plaintiff are those incurred in actions with third parties brought about by a defendant's misconduct, the litigation expenses are merely a form of damages and are accordingly recoverable from the defendant."). The rationale behind the American rule, as explained in *Ritter*, was that plaintiffs should not be deterred from coming to court by the threat of being assessed the legal fees of his adversary: "It must be remembered that the courts are open to every citizen; and every man has a right to come into a court of justice, and claim what he deems to be his right, without being prosecuted for heavy damages. *Ritter*, 381 Ill. at 556 (quoting *Smith v. Michigan Buggy Co.*, 175 Ill. 619, 627 (Ill. 1898)). To subject Continental to a suit for attorney's fees for violation of a forum-selection clause would deter others from exercising their rights to come to court in those cases in which the correct forum to bring the case is not entirely clear.

## CONCLUSION

Because, under Illinois law, the American Rule bars Fednav's suit to collect attorney's fees, it is unnecessary to address the other objections raised by Continental. Continental's Motion to Dismiss is granted.

Dated: June 5, 2008

JOHN W. DARRAH
United States District Court Judge

5